# UNITED STATES BANKRUPTCY COURT

# WESTERN DISTRICT OF WISCONSIN

---

In re:                                              Case Number: 12-12406-7

    RAY E. ISAACS, JR., and
    BONNIE L. ISAACS,

              Debtors.

---

## DECISION

The Chapter 7 Trustee objected to the Debtors' claim of a homestead exemption to the extent the Debtors seek to exempt a vacant parcel of land. An evidentiary hearing was held on January 30, 2013. Attorney Mart W. Swenson appeared on behalf of the Debtors, and the Chapter 7 Trustee, Christopher M. Seelen, represented himself. After the hearing, the parties filed briefs supporting their respective positions.

## BACKGROUND FACTS

The Debtors, Ray and Bonnie Isaacs, filed their Chapter 7 petition on April 25, 2012. Mr. Isaacs is a retired dairy farmer who stopped farming around 1990 due to health issues. Mrs. Isaacs helped with the farm.

The Debtors purchased 100 acres of land in 1976. Over time, the Debtors sold portions of that acreage until only forty acres of land remained. The forty acres is comprised of two adjacent twenty-acre parcels. One of the two parcels contains a house, a machine shop, a barn, fruit trees and a garden on approximately three acres (the "Improved Parcel"). The remaining seventeen

acres of the Improved Parcel is farmland. The other twenty-acre parcel contains farmland and woodland (the "Vacant Parcel"). It may also contain a few fruit trees.

The Debtors receive some income by renting twenty-one and one-half acres to a tenant. The rent is approximately $1,200 per year under an oral agreement that runs through 2016. The majority of the tillable acres rented to the tenant are on the Improved Parcel. The Debtors also generate periodic income from the sale of timber from the woodlands on the Vacant Parcel. There are tax benefits in the form of reduced taxes on the Vacant Parcel that result from the Debtors' participation in a Managed Forest Lands stewardship forestry plan ("MFL"). It is unclear whether the Debtors will receive the MFL benefits on a consistent basis in the future or whether the income from timber sales will recur on any regular basis. The Debtors testified that the income they receive from renting the land and from the sale of timber is used to pay a portion of the real estate taxes and insurance on both parcels. Taxes on the Vacant Parcel are approximately $300 per year. Taxes on the Improved Parcel are approximately $2,000 per year.

The Debtors are the only permanent occupants of the house. In the past they farmed the land to grow feed for the cattle, but did not grow any crops for sale. Mr. Isaacs testified that he has not personally grown crops on the land since the 1990s, although he provides some farming assistance to the tenant.

The Debtors hunt and collect firewood on the Vacant Parcel. Mrs. Isaacs grows many different types of fruit on the Improved Parcel, which she juices and cans for home consumption. There was conflicting testimony regarding whether some fruit for these purposes comes from trees on the Vacant Parcel. The Debtors also both testified that they hold an annual family reunion on the Vacant Parcel in the summer. Their children, grandchildren, and great-grandchildren play ball and engage in other recreational activities on the Vacant Parcel when visiting.

U.S. Bank currently holds a note and mortgage on the Improved Parcel. The Debtors owe between $60,000 and $65,000 on that note. Due to an apparent bank error, there is no mortgage on the Vacant Parcel.

## FINDINGS AND CONCLUSIONS

Under the provisions of 11 U.S.C. § 522(b)(3), the Debtors elected to claim a homestead exemption for the Improved Parcel and the Vacant Parcel under the exemptions available pursuant to state law as provided in Wis. Stat. § 815.20. The Trustee has objected to the homestead exemption to the extent the Debtors seek to exempt the Vacant Parcel. Under Fed. R. Bankr. P. 4003(c), the trustee has the burden of proving that the exemption does not apply. The standard of required proof is a preponderance of the evidence.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and the Court has jurisdiction under 28 U.S.C. § 1334.

## DISCUSSION

Article I, Section 17 of the Wisconsin Constitution provides that "[t]he privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Wis. Const. Art. I, § 17.

Section 990.01(13), Wis. Stat., defines "homestead" as "the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre, if available, and not exceeding 40 acres." Section 990.01(14), Wis. Stat., defines "exempt homestead" as "the dwelling, including a building, condominium, mobile home, house trailer or cooperative or an unincorporated cooperative association, and so much of the land surrounding it as is reasonably necessary for its use as a home, but not less than 0.25 acre, if available, and not exceeding 40 acres, within the limitation as to value under s. 815.20, except as to liens attaching or rights of devisees or heirs of persons dying before the effective date of any increase of that limitation as to value."

Further, "[a]n exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment, and from liability for the debts of the owner to the amount of $75,000, except mortgages, laborers', mechanics', and purchase money liens and taxes and except as otherwise provided . . . . The exemption

4

extends to land owned by husband and wife jointly or in common or as marital property, and each spouse may claim a homestead exemption of not more than $75,000." Wis. Stat. § 815.20(1).

The Wisconsin homestead exemption statutes provide that every debtor is entitled to shield up to forty acres of land worth up to $75,000 from his creditors. Wis. Stats. §§ 815.20(1), 990.01(13)-(14). If the debtor is married, each spouse is entitled to claim as much as $75,000 worth of land. Wis. Stat. § 815.20(1). To qualify as a homestead, the land must contain the debtor's dwelling. Wis. Stat. § 990.01(13). The homestead exemption encompasses both the dwelling and enough land as is reasonably necessary to use the dwelling as a home. Wis. Stat. § 990.01(14).

The cases interpreting the homestead exemption reflect a strong Wisconsin public policy protecting a debtor's right to claim a homestead exemption. *See In re Burgus*, 166 B.R. 121, 126 (Bankr. W.D. Wis. 1990), *aff'd, Johnson v. Burgus (In re Burgus)*, 166 B.R. 126 (W.D. Wis. 1991). "Because of this public policy, homestead statutes are liberally construed in favor of the debtor, and homestead rights are preferred over the rights of creditors." *Schwanz v. Teper*, 66 Wis. 2d 157, 163, 223 N.W.2d 896, 899 (Wis. 1974) (citation omitted). The Wisconsin Supreme Court has held that, within reason, "a debtor is entitled to the enjoyment of his homestead as a 'necessary comfort of life' and the exemption applies regardless of what uses to which he puts the land." *Id.* at 901.

5

There are only a handful of cases interpreting the "reasonably necessary for use of the dwelling as a home" standard. The Debtors cite *Burgus* and *In re Mann*, 82 B.R. 981 (Bankr. W.D. Wis. 1986), to support their contention that the exemption should be applied to both the Improved Parcel and the Vacant Parcel. *Mann* is cited for the presumption that all land up to forty acres surrounding a residence is deemed to be reasonably necessary. *Mann*, 82 B.R. at 984. In that case, the debtors had claimed a Wisconsin homestead exemption on two adjacent parcels of land. *Id.* One parcel contained their house, and the other contained a pole barn that was used for storage and as a workshop. *Id.* The court rejected the creditor's claim that the parcel on which the pole barn sat was not reasonably necessary in light of the policy of liberal construction in favor of the homestead exemption. *Id.* The court held that "[p]roperty which otherwise can be classified as homestead property should presumptively be considered 'reasonably necessary for use of the dwelling as a home,' as long as it does not exceed such prescribed limits. This presumption can only be rebutted by a specific showing of unreasonableness." *Id.*

In *Burgus*, the court permitted the debtors to exempt twenty-five contiguous acres despite the fact that the only improvements were confined to a one-acre portion of the land. *Burgus*, 166 B.R. at 121-22, 126. The debtors used the extra acreage to tend livestock, grow oats and hay, and collect firewood. Affirming the bankruptcy court's decision granting the exemption, the district court ruled that the creditor had failed to "set forth any information

6

which permits a finding that it is unreasonable to consider a twenty-five acre parcel as 'reasonably necessary for its use as a home.'" *Johnson v. Burgus (In re Burgus)*, 166 B.R. at 129.

Despite the liberal policy favoring debtors, a few cases have recognized limits to the exemption. The Trustee cites *In re Lloyd*, 37 F.3d 271 (7th Cir. 1994), *In re Olsen*, 322 B.R. 400 (Bankr. E.D. Wis. 2005), and *Farm Credit Bank v. Gibson*, 155 Wis. 2d 325, 455 N.W.2d 674 (Wis. Ct. App. 1990), as guides to the limits on the exemption.

In *Lloyd*, the Seventh Circuit affirmed a bankruptcy court decision limiting a debtor's homestead exemption to three acres. *Lloyd*, 37 F.3d at 272. The debtor in *Lloyd* owned 113 acres of agricultural land and wetlands in Fond du Lac County, Wisconsin. The bankruptcy court determined that she was entitled to a homestead exemption of three acres, despite the absence of a permanent residential structure on the land. *Id.* In determining the appropriate amount of land for the debtor's exemption, the court found that the debtor was not a farmer and that three acres was a reasonable amount upon which she could live and keep her two horses. *Id.* The Seventh Circuit Court of Appeals affirmed the decision. *Id.*

In *In re Olsen*, the debtors sought to exempt ten and one-half acres of real estate that had been subdivided by the debtors into three parcels: two unimproved one-acre parcels, and a third parcel with a house, pond, and eight and one-half acres. 322 B.R. at 402. Prior to filing their bankruptcy petition,

7

the debtors received an offer to purchase the house and six and one-half acres. *Id.* A creditor objected to the exemption on the grounds that all ten and one-half acres were not reasonably necessary for the use of the dwelling as a home. *Id.* The court concluded that to presume the debtors were entitled to exempt the entire parcel would "effectively delete[] from the statute the requirement that the land be reasonably necessary for the use of the dwelling as a home." *Id.* at 406.

Likewise, the Wisconsin Court of Appeals has ruled that the phrase "reasonably necessary for use of the dwelling as a home" cannot be read to mean reasonably necessary "as a means of making a living." *Gibson*, 455 N.W.2d at 676. In that case, the state appeals court affirmed that the exemption could not be applied to forty acres that was farmed part-time by the debtor, and on which the debtor's mother and son lived in separate structures. *Id.* at 675-76. The only parcel that could be exempted was the one-acre parcel that the debtor had improved as his dwelling. *Id.*

Read together, these cases suggest that the interpretation of the phrase "reasonably necessary for the use of the dwelling as a home" requires the court to make a distinction between uses of land that simply create some benefit—be it economic, recreational, or some other kind of benefit—and activities that may truly be said to be reasonably necessary to the home. *See In re Lloyd*, 37 F.3d 271, 274 (7th Cir. 1994). In applying the exemption, the court may also

balance "the need to comply with Wisconsin's homestead exemption statute against the requirement to make the estate available to creditors." *Id.* at 275.

The Vacant Parcel is not reasonably necessary for the use of the dwelling as a home. The Debtors are retired and use only a fraction of the total forty acres. To the extent the land is used, it is used primarily by others who pay the Debtors for the right to farm it or to harvest timber. The Debtors reside on approximately three acres of the Improved Parcel. These three acres also include the fruit trees and garden, as well as the machine shop and barn. The garden does not occupy any space on the Vacant Parcel and it appears that, at most, only some of the fruit trees might be on the Vacant Parcel. The only activities that the Debtors pursue on the Vacant Parcel are gathering firewood, hunting, hosting family reunions, and other recreational activities.

These uses are not reasonably necessary for the use of the dwelling as a home. While the Debtors testified they use firewood from the Vacant Parcel in their home, there is no evidence that the firewood collected on the Vacant Parcel is the primary or only source of heat for the home. Neither is there evidence that the game hunted or the fruits canned are a primary source of food for the Debtors. Furthermore, hosting a family event or permitting visitors to use the Vacant Parcel for recreational activities is not a "necessary" use of the land as a dwelling.

While the Vacant Parcel generates a modicum of income from logging and from the tenant, it does not meet the standard of "reasonably necessary for use

of the dwelling as a home." There is no indication that the logging income is consistent, or that the rental income can be counted on beyond 2016. Moreover, the tenant pays rent to farm acreage on the Improved Parcel. The Debtors' testimony indicated that a majority of the tillable acreage is located on the Improved Parcel. There is no evidence the tenant would not continue to pay rent to farm on the Improved Parcel. There was also no testimony that the Debtors would be unable to preserve their home without the rent generated from the Vacant Parcel.

## CONCLUSION

For the foregoing reasons, the Trustee's objection is sustained. The homestead exemption is denied with respect to the Vacant Parcel.

A separate order consistent with this decision will be entered.

Dated:  April 11, 2013

BY THE COURT:

/s/ Catherine J. Furay

_____

Hon. Catherine J. Furay
U.S. Bankruptcy Judge